**In re James GUERRIERI, Lyndall Guerrieri, Debtors.**

**Bankruptcy No. 79–00484.
AP 80–0080.**

United States Bankruptcy Court,
D. Rhode Island.

April 17, 1981.

---

Russell D. Raskin, Providence, R. I., for debtors.

John Boyajian, Boyajian & Coleman, Providence, R. I., trustee.

## DECISION DISMISSING DEBTORS' CHAPTER 13 PETITION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

At a hearing on the Trustee's motion to dismiss the Debtors' Chapter 13 petition for failure to make payments into the plan as confirmed, the Debtors offered the following amended plan:

```
Net Income                 $631.00 per month
Monthly Expenses
   Rent                     103.89
   Utilities                131.50
   Food                     215.00
   Clothing                  15.00
   Newspapers                10.00
   Transportation            60.00
   Taxes for house           20.73
                           $556.12
Payments into Plan       $ 74.88 per month
```

The Guerrieris have four minor children, including three from Mrs. Guerrieri's previous marriage.

Both debtors are presently unemployed. James Guerrieri is a full-time student with an anticipated graduation date of May, 1982. The income figure above consists of a monthly Veterans Administration check in the net amount of $295.00, after tuition has been deducted from Mr. Guerrieri's $588.00 monthly benefits, plus child support payments of $336.00 per month received from Mrs. Guerrieri's former husband.

In this case, the Debtors propose to pay into the plan the entire amount remaining after deducting their listed expenses, which are quite modest, from their monthly income, and this example of good faith should serve as a model for other Chapter 13 debtors. However, section 1325(a)(6) of the Bankruptcy Code requires that a plan be feasible before the Court can confirm it. Desire cannot be substituted for the ability to pay, and based on the figures, this proposed plan is not feasible.

By putting their last pennies into the plan, the Debtors have left nothing for the contingencies with which we all face. For example, the Debtors own an aging automobile. An allotment of $60 per month for transportation scarcely covers the cost of gasoline, leaving nothing for inevitable repairs. Inflation presents a similar problem. The plan provides no "cushion" with which to meet rising prices with the Debtors' fixed income. Additionally, the Debtors' expense estimates are unrealistically low across the board. For example, while the Veterans Administration provides the family with medical insurance, there are likely to be certain exceptions from that coverage for which the plan allots nothing.

Finally, the Court is troubled by the proposal to use child-support money for payment of the debts of James Guerrieri. Those payments, being made by the natural father, are intended for the necessities of the minor children.

For the foregoing reasons, the Trustee's motion to dismiss is granted.